IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ARMANDO LOPEZ, K-21565, | ) | |
| Plaintiff(s), | ) | No. C 12-1505 CRB (PR) |
| vs. | ) | ORDER OF DISMISSAL |
| J. CARLOS, et al., | ) | |
| Defendant(s). | ) | |

Plaintiff, a prisoner at the California Correctional Institution (CCI), has filed a pro se complaint for damages under 42 U.S.C. § 1983 claiming violations of his federal rights while he was at Salinas Valley State Prison (SVSP).

**DISCUSSION**

A. <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." <u>Id.</u> § 1915A(b). Pro se pleadings must be liberally construed. <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.      Legal Claims

Plaintiff alleges that on April 9, 2008, while he was at SVSP, he was attacked by another inmate after correctional officer J. Carlos, the control booth officer, mistakenly opened plaintiff's cell (cell #224) from the control booth and allowed the inmate to enter. Plaintiff also alleges that correctional officers M. Holbrook and John Doe did not respond to correctional officer Carlos' subsequent alarm in a timely fashion because they were not at their assigned duty station at the time of the incident. Plaintiff further alleges that various unidentified prison officials improperly handled his inmate administrative grievances regarding the April 9, 2008 incident.

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. Farmer v. Brennan, 511 U.S. 825, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. Id. at 833. The failure of prison officials to protect inmates from attacks by other inmates violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate safety. Id. at 834.

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer, 511 U.S. at 837. Neither negligence nor gross negligence constitute deliberate indifference. See id. at 835-36 & n.4.

Although regrettable, plaintiff's allegations that he was attacked by another inmate because correctional officer Carlos mistakenly opened plaintiff's cell door and allowed the inmate to enter at most state a claim for negligence or gross negligence not cognizable under § 1983.  See id.  That correctional officer Carlos should have done more than just accept the inmate's word that cell #224 was the inmate's cell before Carlos opened the cell door from the control booth does not compel a different conclusion.  Plaintiff must bring his negligence or gross negligence claim against Carlos in state court.

Similarly, plaintiff's allegations that correctional officers M. Holbrook and John Doe did not respond in a prompt fashion because they were not at their assigned duty station amount to no more than a claim for negligence or gross negligence not cognizable under § 1983.  See id.  Holbrook and Doe could not disregard a substantial risk of serious harm to plaintiff if they did not "know" of such risk because they were not at their assigned duty station.  Cf. id. at 837.  Plaintiff must bring his negligence or gross negligence claim against Holbrook and/or Doe in state court.

Finally, plaintiff's allegations that various unidentified prison officials improperly handled his inmate administrative grievances regarding the April 9, 2008 incident fail to state a cognizable claim under § 1983.  It is well-established that there is no constitutional right to a prison administrative appeal or grievance system, see Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988), and that a state's creation of a prison administrative appeal or grievance system does not implicate a liberty interest protected by the Due Process Clause, see Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (same).  After all, the attachments to the complaint in this case make clear that

plaintiff exhausted available administrative remedies and filed suit in federal court within the applicable statute of limitations period.

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED for failure to state claim under the authority of 28 U.S.C. § 1915A(b).[1] The dismissal is without prejudice to plaintiff bringing his negligence and/or gross negligence claims in state court, however.

The clerk shall enter judgment in accordance with this order, terminate all pending motions as moot, and close the file.

SO ORDERED.

DATED:   June 29, 2012

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.12\Lopez, A.12-1505.dismissal.wpd

---

[1] Plaintiff's conclusory allegations against SVSP warden M. Evans are dismissed for failure to state a claim under § 1983 because they do not show Evans' personal involvement in the alleged constitutional deprivations or a sufficient causal connection between Evans' wrongful conduct and the constitutional violations. See Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011).

4